Freeman, J.,
delivered the opinion of the court:
This suit was commenced by original attachment as against a nonresident debtor. After levy on property, the defendant appeared -before magistrate, the case was tried, judgment rendered against him, and appeal to circuit court.
Several objections axe taken to the. formal proceedings in that court. .First, an amendment- of the affidavit was *389 allowed, showing tbe debt was due by account, and tbe claim just.
This was proper, especially after appearance by defendant, and defense made to tbe merits. No publication was necessary after an appearance by defendant. The attachment levied and publication are in lieu of personal service by which the party is to be brought into court. If he appears without this, it is unnecessary. Code, sec. 3524 [Shannon’s Code, sec. 5284]. These matters of form, not going to the merits, need not be further noticed.
The suit is for wood cut on plaintiffs land, and used by defendant, under a contract with one Lamb, who had made a verbal contract for purchasing the land, which was abandoned.
It is claimed the action is in tort, and the attachment for debt. We have no form of action in matters of this kind, but plaintiff recovers on the facts of his case. If they entitle him to recovery, he is entitled to judgment.
It has long been settled that in tort of this kind, a party may waive the tort and sue for the price of the property in debt. This being so, as we have several times held, he may as well commence Ms suit by attachment as any other mode, in a proper case.
The -main question that seemed to present difficulty on argument, was the statement that Allen had been discharged in. bankruptcy in 1870, and that title to his property had been vested in his assignee. On examining the record, we find this fact brought out on cross-examination by defendant by a direct question, which was objected to and objection overruled. It was clearly not competent thus to prove the facts. The record was the appropriate evidence on this question. Strike out this incompetent testimony, and there is no case to raise the question debated in this mattei.
The deed of trust being shown to have been satisfied, the title reverted to the maker of the deed. The affidavits for new trial are not sufficient on the ground of surprise. *390 Tlie parly liad notice of the existence of the 'deed of trust, and gives no assurances to the court that he can certainly prove it had not been discharged; expresses a belief only to that effect. One of the witnesses is shown to live in Cocke county, but no affidavit of said witness is presented to corroborate statement of affiant.
The probabilities are that if a new trial should be granted, it would but be to try the same case over again, with no certainty of additional testimony. Besides, the proof does not go to the very right of the case, but is a technical defense alone. Let the judgment be affirmed.